1

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

2

3

4

5

*Attorneys for Plaintiff*

6

- additional counsel on signature page –

7

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

## SAN FRANCISCO DIVISION

11

12

ROGER A. IKEDA, Individually and On
Behalf of All Others Similarly Situated,

13

14

Plaintiff,

15

v.

16

BAIDU, INC., YANHONG LI, and
CHENG-CHUN YU,

17

18

Defendants.

19

20

Case Number:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

21

22

23

24

25

26

27

28

Plaintiff Roger A. Ikeda ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia* , the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Baidu, Inc. ("Baidu" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Baidu securities between March 16, 2019 and April 7, 2020, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Baidu is a technology company specializing in Internet-related services and products and artificial intelligence ("AI").  The Baidu search engine is the second largest search engine in the world and the most widely used search engine in the People's Republic of China ("PRC" or "China"), with a market share of more than 70%.  The Company also provides a portfolio of apps that provide mobile device access to the Company's search and feed services, along with social media services and both user generated and professionally produced media content.

3.      At all relevant times Baidu has generated a substantial majority of its revenues from online marketing services, whereby Baidu integrates paid advertisements from its customers into its online products and services, taking advantage of the Company's large user

base and traffic.  Accordingly, Baidu's revenues depend, in large part, upon offering products and services that are accessible to a large and engaged user base.

4.     Over the past several years, Baidu has increasingly emphasized its feed services. The Company added a personalized news feed to its search app in 2016, meaning that users can now wait passively for Baidu algorithms to display content based on the user's past habits, rather than actively inputting search terms.  Describing Baidu's business model in a May 2019 article, the publication *TechCrunch* stated that "Baidu's new two-legged strategy means feed is now of equal, if not more, weight alongside search as the company better embraces the mobile age."

5.     Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Baidu's feed services were not in compliance with applicable Chinese regulatory standards; (ii) the foregoing noncompliance subjected the Company to a heightened risk of regulatory enforcement, including the removal or suspension of certain of Baidu's services and products; (iii) accordingly, the Company's revenues derived from online marketing services were unlikely to be sustainable; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

6.     On April 7, 2020, post-market, China's internet regulator, the Cyberspace Administration of China ("CAC"), ordered Baidu to clean up improper information and halt the spread of "low-brow content."  Specifically, the CAC stated that search engine Baidu's content review on some of its news feed channels is not "strict," "exerted bad influence to the society," and violated relevant Chinese laws and regulations.

7.     On this news, Baidu's share price fell $4.46 per share, or 4.38%, to close at $97.33 per share on April 8, 2020, damaging investors.

8.     On April 9, 2020, Baidu issued a statement entitled "Baidu Takes Measures to Comply with Government Directives," confirming that it had "suspended updating its content on certain newsfeeds channels within Baidu App and conduct maintenance, beginning from April

2

8, 2020" and stating that it "expects that the suspension may have impact on the marketing services revenue related to the suspended channels."

9.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

<u>JURISDICTION AND VENUE</u>

10.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

11.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

12.    Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).  Defendants conduct business in this Judicial District, and a significant portion of Defendants' actions took place within this Judicial District.

13.    In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

<u>PARTIES</u>

14.    Plaintiff, as set forth in the attached Certification, acquired Baidu securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

15.    Defendant Baidu is a Cayman Islands corporation with its principal executive offices located at Baidu Campus, No. 10 Shangdi 10th Street, Haidian District, Beijing 100085, People's Republic of China.  Baidu provides Internet search services in China and internationally. Baidu's securities trade on the Nasdaq Global Select market ("NASDAQ") under the ticker symbol "BIDU."

CLASS ACTION COMPLAINT

16. Defendant Yanhong Li ("Li") has served as Baidu's Co-Founder, Chairman, and Chief Executive Officer at all relevant times.

17. Defendant Cheng-Chun Yu ("Yu") has served as Baidu's Chief Financial Officer at all relevant times.

18. Defendants Li and Yu are sometimes referred to herein as the "Individual Defendants."

19. The Individual Defendants possessed the power and authority to control the contents of Baidu's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of Baidu's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with Baidu, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

20. Baidu and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

21. Baidu is a technology company specializing in Internet-related services and products and AI. The Baidu search engine is the second largest search engine in the world and the most widely used search engine in the China, with a market share of more than 70%. The Company also provides a portfolio of apps that provide mobile device access to the Company's search and feed services, along with social media services and both user generated and professionally produced media content.

22. At all relevant times Baidu has generated a substantial majority of its revenues from online marketing services, whereby Baidu integrates paid advertisements from its

4

customers into its online products and services, taking advantage of the Company's large user base and traffic.  Accordingly, Baidu's revenues depend, in large part, upon offering products and services that are accessible to a large and engaged user base.

23.     Over the past several years, Baidu has increasingly emphasized its feed services. The Company added a personalized news feed to its search app in 2016, meaning that users can now wait passively for Baidu algorithms to display content based on the user's past habits, rather than actively inputting search terms.  Describing Baidu's business model in a May 2019 article, the publication *TechCrunch* stated that "Baidu's new two-legged strategy means feed is now of equal, if not more, weight alongside search as the company better embraces the mobile age."

**Materially False and Misleading Statements Issued During the Class Period**

24.     The Class Period begins on March 16, 2019, the day after Baidu filed its Annual Report on Form 20-F with the SEC, reporting the Company's financial and operating results for the year ended December 31, 2018 (the "2018 20-F").   In the 2018 20-F, Baidu reported approximately $11.91 billion in revenues from online marketing, constituting roughly 80% of the Company's total revenues.

25.     Further, the 2018 20-F also touted the value and utility of the Company's Baidu Feed product, describing it as "a product within Baidu App that provides users with personalized timeline based on their demographics and interests. ***Baidu Feed complements our core search product, leverages Baidu AI recommendation     algorithms and monetization platform, and contributes to user engagement and retention***."

26.     With respect to "Regulations," the 2018 20-F indicated that the Company is under the regulation of the PRC government, including "[t]he State Council, the MIIT [the Ministry of Industry and Information Technology], and other relevant government authorities" and stated, in relevant part, that "[i]n the opinion of Han Kun Law Offices, our PRC legal counsel . . . ***the business operations of our consol idated affiliated entities, as  described herein, comply with current PRC laws and regulations in all material respects***."

27.     Further, in describing the Chinese internet industry, the 2018 20-F stated, in relevant part, that:

CLASS ACTION COMPLAINT

China's internet industry, online marketing market and e-commerce market are evolving. There are substantial uncertainties regarding the interpretation and application of existing or proposed PRC laws and regulations. We cannot assure you that the PRC regulatory authorities would find that our corporate structure and our business operations comply with PRC laws and regulations. If the PRC government finds us to be in violation of PRC laws and regulations, we may be required to pay fines and penalties, obtain certain licenses or permits and change, suspend or discontinue our business operations until we comply with applicable PRC laws and regulations.

This statement was plainly a generic catch-all provision that was not tailored to the known and/or foreseeable risks faced by the Company.

28.     On May 17, 2019, Baidu hosted an earnings call with investors and analysts to discuss the Company's results in the first quarter of 2019.  While providing an overview of the Company's operational and business performance in the quarter, Defendant Li touted the performance of the Company's search plus feed, stating: "[w]e continue to increase the scale and bolster the content and service offering in Baidu App to give our users unmatched native app-like experience for search and feed.  Combining feed with search increases user stickiness."  On the same call, Defendant Yu expressed his optimism for the Company's future and the value and utility of Baidu's feed offerings, stating, in relevant part, that "[w]e're excited about our current strategy to make the fastest growing areas of content searchable while adding news feed to our distribution channel."

29.     On March 13, 2020, Baidu filed an Annual Report on Form 20-F with the SEC, reporting the Company's financial and operating results for the year ended December 31, 2019. In the 2019 20-F, Baidu reported approximately $11.22 billion in revenues from online marketing, constituting roughly 73% of the Company's total revenues.

30.     The 2019 20-F again touted the value and utility of the Company's Baidu Feed product, describing it as "a product within Baidu App that provides users with personalized timeline based on their demographics and interests. ***Baidu Feed complements our core search product, leverages Baidu AI recommendation    algorithms and monetization platform, and contributes to user engagement and retention.***"

CLASS ACTION COMPLAINT

31.     With respect to "Regulations," the 2019 20-F reiterated that the Company is under the regulation of the PRC government, including "[t]he State Council, the MIIT, and other relevant government authorities" and stated, in relevant part, that:

> In the opinion of Han Kun Law Offices, our PRC legal counsel . . . subject to the disclosure and risks disclosed under "Item 3.D. Key Information—Risk Factors— Risks Related to Our Corporate Structure," "—Risks Related to Doing Business in China" and "—Regulations," **the business operations of our consolidated affiliated e ntities, a s described h erein, comp ly with cur rent PRC laws and regulations in all material respects.**

32.     Further, in describing the Chinese internet industry, the 2019 20-F stated, in relevant part, that:

> China's internet industry, online marketing market and e-commerce market are evolving. There are substantial uncertainties regarding the interpretation and application of existing or proposed PRC laws and regulations. We cannot assure you that the PRC regulatory authorities would find that our corporate structure and our business operations comply with PRC laws and regulations. If the PRC government finds us to be in violation of PRC laws and regulations, we may be required to pay fines and penalties, obtain certain licenses or permits and change, suspend or discontinue our business operations until we comply with applicable PRC laws and regulations.

This statement was plainly a generic catch-all provision that was not tailored to the known and/or foreseeable risks faced by the Company.

33.     The statements referenced in ¶¶ 24-32 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Baidu's feed services were not in compliance with applicable Chinese regulatory standards; (ii) the foregoing noncompliance subjected the Company to a heightened risk of regulatory enforcement, including the removal or suspension of certain of Baidu's services and products; (iii) accordingly, the Company's revenues derived from its online marketing services were unlikely to be sustainable; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**The Truth Begins to Emerge**

34.     On April 7, 2020, post-market, the CAA ordered Baidu to clean up improper information and halt the spread of "low-brow content."  As reported by *CNBC*, in relevant part:

> China's all powerful internet regulator, Cyberspace Administration of China, said in a post published on Wednesday on its official WeChat account that Baidu's content review on some of its news feed channels are not "strict," therefore "it has exerted bad influence to the society."

> Baidu said on its mobile app that it would suspend operations of some mobile app channels, without elaborating on when it would resume those operations.

> Baidu declined to further comment.

35.     On this news, Baidu's share price fell $4.46 per share, or 4.38%, to close at $97.33 per share on April 8, 2020, damaging investors.

36.     Then, on April 9, 2020, Baidu issued a statement entitled "Baidu Takes Measures to Comply with Government Directives," confirming that it had "suspended updating its content on certain newsfeeds channels within Baidu App and conduct maintenance, beginning from April 8, 2020" and stating that it "expects that the suspension may have impact on the marketing services revenue related to the suspended channels."

37.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

38.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Baidu securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

CLASS ACTION COMPLAINT

39.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Baidu securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Baidu or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

40.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

41.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

42.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Baidu;

- whether the Individual Defendants caused Baidu to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Baidu securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

9

43.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

44.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Baidu securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Baidu securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

45.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

46.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

47.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

48.    This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

49.    During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Baidu securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Baidu securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

50.    Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Baidu securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Baidu's finances and business prospects.

51.     By virtue of their positions at Baidu, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

52.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Baidu, the Individual Defendants had knowledge of the details of Baidu's internal affairs.

53.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Baidu.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Baidu's businesses, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Baidu securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning Baidu's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Baidu securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

54.     During the Class Period, Baidu securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and

misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Baidu securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Baidu securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Baidu securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

55.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

56.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)

57.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

58.     During the Class Period, the Individual Defendants participated in the operation and management of Baidu, and conducted and participated, directly and indirectly, in the conduct of Baidu's business affairs. Because of their senior positions, they knew the adverse non-public information about Baidu's misstatement of income and expenses and false financial statements.

59.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Baidu's

financial condition and results of operations, and to correct promptly any public statements issued by Baidu which had become materially false or misleading.

60.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Baidu disseminated in the marketplace during the Class Period concerning Baidu's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Baidu to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Baidu within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Baidu securities.

61.     Each of the Individual Defendants, therefore, acted as a controlling person of Baidu.  By reason of their senior management positions and/or being directors of Baidu, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Baidu to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Baidu and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

62.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Baidu.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

CLASS ACTION COMPLAINT

D.      Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated:  April 21, 2020

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

15

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.     I, _____ROGER A. IKEDA_____, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.     I have reviewed a Complaint against Baidu, Inc. ("Baidu" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.     I did not purchase or acquire Baidu securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.     I am willing to serve as a representative party on behalf of a Class of investors who purchased or otherwise acquired Baidu securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.     To the best of my current knowledge, the attached sheet lists all of my transactions in Baidu securities during the Class Period as specified in the Complaint.

6.     During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7.     I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.    I declare under penalty of perjury that the foregoing is true and correct.

**Executed** ___4/16/20_____

                  **(Date)**

_____

                **(Signature)**

_____

                R.A. IKEDA

                **(Type or Print Name)**

**Baidu, Inc. (BIDU)**                                                    **Ikeda, Roger A.**

### List of Purchases and Sales

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|------|------------------|-----------------------|----------------------|
| 3/11/2020 | Purchase | 200 | $109.2500 |