UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROGER A. IKEDA,<br><br>           Plaintiff,<br><br>      v.<br><br>BAIDU, INC., et al.,<br><br>           Defendants. | Case No. 20-CV-02768-LHK<br><br>**ORDER APPOINTING LEAD**<br>**PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 10, 14, 20, 21 |

On June 22, 2020, the Court received four separate motions to serve as lead plaintiff in the instant putative securities class action.  ECF Nos. 10 (Sufeng Chung), 14 (Heejong Jacob Joo), 20 (Robert J. Allustiarti), 21 (Li Haibo).  The Court received one opposition brief from Robert J. Allustiarti, ECF No. 26, and one notice of non-opposition from Sufeng Chung, ECF No. 25.  The Court also received one reply from Robert J. Allustiarti.  ECF No. 27.

Out of all the movants, Allustiarti asserted the largest financial interest in the relief sought by the class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  ECF No. 20.  Allustiarti also satisfies the adequacy and typicality requirements of Federal Rule of Civil Procedure 23.  Therefore, there is a presumption that Allustiarti is the most adequate plaintiff.

No other movant has opposed Allustiarti's motion for appointment as lead plaintiff, argued

1

United States District Court
Northern District of California

1    that Allustiarti does not have the largest financial interest, argued that Allustiarti does not satisfy

2    the adequacy and typicality requirements of Rule 23, or rebutted the presumption that Allustiarti is

3    the most adequate plaintiff.  Indeed, at least one movant, Sufeng Chung, expressly concedes that

4    she "does not appear to have the largest financial interest in this litigation within the meaning of

5    the PSLRA" and states that she does not oppose any of the other motions for appointment as lead

6    plaintiff.  ECF No. 25.  As a result, Allustiarti is the "most adequate plaintiff."  *See In re*

7    *Cavanaugh*, 306 F.3d 726, 729-32 (9th Cir. 2002).

8         Accordingly, having reviewed these submissions, the Court hereby APPOINTS Robert J.

9    Allustiarti as Lead Plaintiff.  Therefore, the Court also DENIES the remaining motions for

10   appointment as lead plaintiff.  ECF Nos. 10, 14, 21.

11        Additionally, Allustiarti proposes Mr. Ramzi Abadou of Kahn Swick & Foti, LLC ("KSF")

12   as Lead Plaintiffs' Counsel.  ECF No. 20.  Having reviewed the submissions and having

13   considered the factors enumerated in Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure, the

14   Court hereby APPOINTS Mr. Ramzi Abadou of KSF as Lead Plaintiffs' Counsel in the instant

15   case.  *See In re Cohen v. United States*, 586 F.3d 703, 712 (9th Cir. 2009) (holding that "if the lead

16   plaintiff has made a reasonable choice of counsel, the district court should generally defer to that

17   choice.").  Mr. Abadou and KSF have (1) performed considerable work in identifying potential

18   claims in this action; (2) demonstrated experience handling class actions, including securities class

19   actions; (3) shown adequate knowledge of the applicable law; and (4) established a willingness to

20   commit significant resources to representing the class.  *See* Fed. R. Civ. P. 23(g)(1)(A).

21        To ensure efficiency, the Court adopts the following protocols.  Other than KSF, no other

22   law firms shall work on this action for the putative class without prior approval of the Court.

23   Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs'

24   counsel and their background, the specific proposed tasks, and why KSF cannot perform these

25   tasks.  If attorney's fees are ultimately awarded in this case, the Court will not award fees for

26   additional Plaintiffs' counsel whom the Court has not approved.  Lead Plaintiffs' Counsel should

27   seek approval before additional Plaintiffs' counsel begin work on the case.

28

United States District Court
Northern District of California

2

Case No. 20-CV-02768-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

The Court further orders that any billers who will seek fees in this case, including staff, consultants, and experts, shall maintain contemporaneous billing records of all time spent litigating this case. By "contemporaneous," the Court means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Mr. Abadou shall review and approve attorney's fees and costs each month and strike any duplicative or unreasonable fees and costs. Additionally, all billing shall be recorded by task, rather than by block billing, and only work that has been assigned shall be eligible for compensation. Finally, Mr. Abadou shall impose and enforce limits on the number of lawyers assigned to each task.

**IT IS SO ORDERED.**

Dated: July 20, 2020

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 20-CV-02768-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL