PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
RAZA RASHEED (SBN 306722)
raza.rasheed@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Attorneys for Defendant*
BAIDU, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ROGER A. IKEDA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BAIDU, INC., YANHONG LI, and CHENG-CHUN YU, <br><br> Defendants. | CASE NO.: 5:20-cv-02768-LHK <br><br> **(1) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF BAIDU, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** <br><br> **(2) [PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE** <br><br> Hearing:     March 4, 2021 <br> Time:        1:30 p.m. <br> Courtroom:   8 <br> Judge:       Hon. Lucy H. Koh <br><br> Complaint Filed: April 21, 2020 <br> Am. Complaint Filed: September 18, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendant Baidu, Inc. ("Baidu") hereby respectfully requests that the Court take judicial notice of Exhibits A through G attached to the Declaration of Raza Rasheed:

Exhibit A: A true and correct copy of excerpts of the 2019 Form 20-F filed by Baidu with the SEC on March 13, 2020.

Exhibit B: A true and correct copy of excerpts of the 2018 Form 20-F filed by Baidu with the SEC on March 15, 2019.

Exhibit C: A true and correct copy of excerpts of the May 21, 2019 Form 6-K filed by Baidu with the SEC.

Exhibit D: A true and correct copy of the transcript of Baidu's May 17, 2019 Q1 2019 earnings call.

Exhibit E: A true and correct copy of excerpts of the August 22, 2019 Form 6-K filed by Baidu with the SEC, including Baidu's August 19, 2019 announcement of its Q2 2019 earnings results.

Exhibit F: A true and correct copy of the transcript of Baidu's February 28, 2020 Q4 2019 earnings call.

Exhibit G: A true and correct copy of an article from the China Media Project translating a public notice issued by the Cybersecurity Administration of China.

DATED: November 2, 2020

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /s/ Virginia F. Milstead
Virginia F. Milstead
Attorneys for Defendant
Baidu, Inc.

1

## I.    THIS COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS A THROUGH G

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is one not subject to reasonable dispute in that it is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss." Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987). Here, each document attached to the Declaration of Raza Rasheed is the proper subject of judicial notice, for at least one of the following reasons: (i) Plaintiff relies on the document or incorporates it by reference in the Amended Class Action Complaint For Violations of the Federal Securities Laws ("Complaint" or "AC"); or (ii) the document has been filed with the SEC. See Fed. R. Evid. 201(b).

First, it is well-established that, in considering a motion to dismiss, a court may take judicial notice of documents relied on or incorporated by reference in the plaintiff's complaint. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (to "'[p]revent[ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based,' a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned") (alterations in original) (quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006)); In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig., 826 F. Supp. 2d 1180, 1187 (C.D. Cal. 2011) ("courts may take judicial notice of documents incorporated by reference in the operative complaint").

Here, Exhibits A through G are all relied on or referenced in the Complaint. Exhibits A through F are directly and repeatedly cited or quoted in the Complaint as containing the allegedly false or misleading statements made by Defendant. (See, e.g., AC ¶¶ 7, 10–11, 13–16, 27–29, 40, 47, 82–88, 93–95, 100–01, 103–04, 106, 110, 113, 119–20, 123, 125, 134.) Similarly, Exhibit G is

2

an English-language report of a Chinese government notice that is cited and discussed in the Complaint. (See AC ¶ 110); see also Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint . . . .").

In ruling on Defendant's Motion to Dismiss, the Court may consider the entire documents, not only the portions Plaintiff selectively cites. See Swartz, 476 F.3d at 763; Haw. Laborers Pension Fund ex rel. THQ, Inc. v. Farrell, 2007 WL 5255035, at *3 (C.D. Cal. Aug. 23, 2007) ("On considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference.").

Second, the Court may take judicial notice of Exhibits A, B, C, and E because these documents have been filed with the SEC, and courts regularly take judicial notice of the contents of a company's SEC filings. See, e.g., Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice on motion to dismiss); City of Royal Oak Retirement Sys. v. Juniper Networks, Inc., 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (same); City of Dearborn Heights Act 345 Police & Ret. Sys. v. Align Tech., Inc., 65 F. Supp. 3d 840, 848 (N.D. Cal. 2014) ("SEC filings [are] appropriate for judicial notice"), aff'd, 856 F.3d 605 (9th Cir. 2017); In re Amgen Inc. Sec. Litig., 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (same); In re Wet Seal, Inc. Sec. Litig., 518 F. Supp. 2d 1148, 1157-58 (C.D. Cal. 2007) (same). Baidu asks the Court to take judicial notice of these documents because they reveal the contents of statements that Baidu made to the market during the time period relevant to the Complaint.

Upon proper notice, the Court is required to take judicial notice of the documents listed above. See Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); see also Lyon v. Gila River Indian Cmty., 626 F.3d, 1059, 1075 (9th Cir. 2010). Here, Baidu has requested judicial notice and furnished the Court with the necessary information.

3

## II.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court take judicial notice of the documents attached to the Declaration of Raza Rasheed, filed with this Request for Judicial Notice, and submitted in support of Defendant's Motion to Dismiss.

DATED: November 2, 2020

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    /s/ Virginia F. Milstead
Virginia F. Milstead
Attorneys for Defendant
Baidu, Inc.

BAIDU, INC.'S REQUEST FOR JUDICIAL NOTICE                    CASE NO.: 5:20-cv-02768-LHK